Eddie YOUNG, Plaintiff—Appellant,

v.

S. RILEY; et al., Defendants—
Appellees.

No. 03–15978.

D.C. No. CV–02–02297–LKK/DAD.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Eddie Young, Corcoran, CA, pro se.

Before KOZINSKI, SILVERMAN and
TALLMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Eddie Young appeals pro se from the judgment dismissing his 42 U.S.C. § 1983 action against California prison officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim pursuant to 28 U.S.C. § 1915A. *See Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm in part, reverse in part and remand.

Young contends the complaint he filed on November 13, 2002 was intended to initiate an independent action and should have been docketed separately. Any error in docketing was harmless, however, given that Young's subsequent amended complaint included the claims from both the first and second complaints, and the district court considered the merits of all claims.

The district court properly dismissed Young's access to courts claim, because Young failed to allege "actual prejudice with respect to contemplated or existing litigation." *See Lewis v. Casey,* 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court improperly dismissed Young's retaliation claim alleging that defendants Morrow and Feryance withheld requested library materials from him in retaliation for grievances Young filed, and that the retaliation was unrelated to legitimate penological goals. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam).

The district court properly dismissed Young's Eighth Amendment claim because Young failed to allege that he was subjected to a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Young's allegations of bias is unavailing because adverse rulings alone do not support a finding that a judge is biased. *See Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir.1999).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.